THE PEOPLE OF THE STATE OF NEW YORK, ex rel. MARVIN R. CLARK, Appellant, v. HUGH J. GRANT, Sheriff, etc., and LIZZIE H. CLARK, Respondents.

*Limitation of imprisonment under a commitment for contempt as fixed by section 111 of the Code of Civil Procedure, as amended by chapter 672 of 1886 — actual detention within the prison walls for six months is required.*

In computing the term of six months to which imprisonment by section 111 of the Code of Civil Procedure, as amended by chapter 672 of 1886, is limited, under a commitment upon a fine imposed for contempt of court, in the non-payment of alimony in a divorce case, the time during which the person against whom the process runs is out of jail, in the custody of his counsel pending *habeas corpus* proceedings, is not to be included.

Actual detention within the prison walls of a jail for six months is what this provision of the Code contemplates in the case of a commitment for contempt of court; in such a case no merely constructive restraint can be taken into account.

Appeal from an order made at Special Term refusing to release the relator on *habeas corpus*.

*Edward P. Wilder*, for the appellant.

*T. B. Wakeman*, for the respondent, Clark.

Bartlett, J.:

The sheriff's return to the writ of *habeas corpus* in this proceeding, shows that he holds the relator in custody by virtue of three several warrants of commitment issued out of the Court of Common Pleas, for contempt of court in the non-payment of alimony. These warrants were before this court on a previous appeal, and it was considered that each successive commitment was issued to remedy defects in that which preceded it, and so legalize the detention of the relator. (*People ex rel. Clark* v. *Grant*, October Term, 1887, Ms. Op.)  According to this view, the imprisonment must be deemed to have begun on April 8, 1887, when the relator was taken into custody under the first commitment.  Reckoning from that date, the relator contends that six months had elapsed when he sued out the writ of *habeas corpus* herein, on October 10, 1887, and that he was therefore entitled to be released under section 111 of the

Code of Civil Procedure, as amended in 1886 (Laws of 1886, chap. 672), which provides as follows : " No person shall be imprisoned within the prison walls of any jail, for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than five hundred dollars in amount, or under a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case, where the amount so to be paid is less than the sum of five hundred dollars; and where the amount in either of said cases is five hundred dollars or over, such imprisonment shall not continue for a longer period than six months."

The limitations of time prescribed in this section, clearly apply to such a case as the present; and if the relator had been " imprisoned within the prison walls of any jail " from the 8th day of April to the 10th day of October, 1887, for contempt of court in the non-payment of alimony he would have been entitled to be released at the time he sued out his writ of *habeas corpus*. In fact, however, he had really been imprisoned during only a small portion of the six months. Throughout the greater part of that time he was in the care and custody of his counsel, having been placed therein under section 2037 of the Code of Civil Procedure, pending *habeas corpus* proceedings instituted for the purpose of procuring an order for his discharge. It is apparent that he attended to his business as usual, and suffered no practical inconvenience from the existence of the commitments.

In computing the term of six months, to which imprisonment is limited under section 111 of the Code, the time during which the person against whom the process runs is out of jail, in the custody of his counsel pending *habeas corpus* proceedings, is not to be included. The execution of the process is practically suspended by placing him in such custody, and it would be unreasonable to hold that he is serving out a term of imprisonment when he is really at large. Actual detention within the prison walls of a jail for six months is what this provision of the Code contemplates in the case of a commitment for contempt of court by reason of a failure to pay alimony or counsel fees where the amount exceeds $500; and no merely constructive restraint can be taken into account.

Notice of the hearing on the writ of *habeas corpus* herein was served upon Lizzie H. Clark, the plaintiff in the divorce suit, as a person interested in continuing the restraint of the relator (Code Civ. Pro., § 2038); and she filed a paper, denominated a return, setting forth, under oath, the facts which have already been stated in regard to the commitment of her husband to the custody of his counsel. The record states that the relator demurred to this so-called return; and the learned judge below, doubtless, disposed of the case upon the assumption that the facts alleged therein were true. It is now insisted, however, in behalf of the appellant, that no such paper could properly be considered, and that the application should have been determined upon the sheriff's return alone; but we think the course pursued by the relator amounted to an admission of the averments contained in the paper in question, which authorized the court below to regard them as established, and to decide accordingly.

The order appealed from must be affirmed.

Van Brunt, P. J., and Macomber, J., concurred.

Order affirmed